IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

```
United States of America,        )
                                 )
                vs.              )   7:22cr00842
                                 )
Dequadry Kendrick Razor,         )
                                 )
                Defendant.       )   September 19, 2023
_____)
```

TRANSCRIPT OF SENTENCING HEARING

BEFORE THE HONORABLE HENRY M. HERLONG, JR.
Senior United States District Judge, presiding

A P P E A R A N C E S:

```
For Government:               Christopher B. Schoen, Esquire
                              US Attorneys Office
                              55 Beattie Place, Suite 700
                              Greenville SC 29601

For Defendant:                Alexander R. Stalvey, Esquire
                              Bannister and Wyatt
                              P.O. Box 10007
                              Greenville, SC   29603
```

Teresa B. Johnson, CVR-M-CM, RVR, RVR-M
U.S. District Court Reporter
250 East North Street, Room 3401
Greenville, SC 29601

Proceeding recorded by stenomask, transcript produced by
computer-aided software.

```
 1                      P R O C E E D I N G S

 2          (The Court goes on record at 10:40 a.m.)

 3               THE COURT:  Be seated.

 4               THE COURTROOM DEPUTY:  May it please the Court.  The

 5    next case before the Court is Case No. 7:22-842, USA versus

 6    Dequadry Kendrick Razor, attorney Alex -- attorney Alex Stalvey

 7    appearing for the defendant, and Chris Schoen appearing for the

 8    government.

 9               Sir, please stand and raise your right hand.

10               THE DEFENDANT:  (Complies.)

11               THE COURTROOM DEPUTY:  Do you solemnly swear or

12    affirm that the answers you give to the questions propounded by

13    the Court shall be the truth, the whole truth, and nothing but

14    the truth, so help you God?

15               THE DEFENDANT:  Yes, ma'am.

16               THE COURT:  Mr. Razor, have you had enough time to

17    discuss this matter with your attorney?

18               THE DEFENDANT:  Yes, Your Honor.

19               THE COURT:  And are you satisfied thus far with the

20    representation of your attorney?

21               THE DEFENDANT:  Yes, Your Honor.

22               THE COURT:  Do you have any complaints of your

23    attorney or anyone else in connection with this case?

24               THE DEFENDANT:  No, Your Honor.

25               THE COURT:  Have you and your attorney thoroughly
```

```
 1   reviewed the presentence report?

 2              THE DEFENDANT:  Yes, Your Honor.

 3              THE COURT:  Are there any objections to anything in

 4   the report?

 5              MR. STALVEY:  No, sir, Your Honor.  I -- I filed a

 6   few objections, but we are withdrawing those today.

 7              THE COURT:  Mr. Razor, do you have any objections to

 8   anything in the presentence report?

 9              THE DEFENDANT:  No, Your Honor.

10              THE COURT:  The Court hearing that there are no

11   objections and the Court having reviewed the report, the Court

12   will adopt the findings, including the guideline calculations

13   contained in the report.  The Court will accept the guidelines

14   as advisory only.

15              Count 4 provides for a sentence of not more than five

16   years; Count 5, 10 years consecutive to all other counts;

17   Count 7, five years consecutive to all other counts; and Counts

18   8 and 9, not more than 20 years.

19              He has a total offense level of 24.  The guideline

20   range as it applies to Counts 4, 8, and 9.  And a criminal

21   history -- excuse me.  He has a total offense level of 24, a

22   criminal history category of I.  As to Counts 4, 8, and 9, the

23   guideline range is 51 to 63 months' imprisonment.  Count 5

24   statutorily requires a 10-year consecutive sentence.  And Count

25   7 statutorily requires a five-year consecutive sentence.  The
```

```
1   guidelines provide for 2 to 5 years' supervised release.

2            He does not have the financial ability to pay a fine.

3   The special assessment is $100 for each count, for a total of

4   $500.

5            For sentencing, I'll hear from you at this time.

6            MR. STALVEY:  Thank you, Your Honor.  May it please

7   the Court.

8            Mr. Razor is 21 years old, Judge.  He grew up in

9   Columbia, attended Lower Richland High School there.  His

10  family lives in Columbia.  His mother lives there.  She could

11  not be here today; however, his girlfriend, Amber Cooper, is

12  here today in support of Mr. Razor.

13           Judge, he made a terrible mistake.  And he

14  understands that the mistake he made is going to result in him

15  spending the next 19 to 20 years in federal prison.

16           Judge, as I said, he's 21.  I'd ask for the Court to

17  sentence him towards the lower end of the guidelines, which the

18  guidelines are between a little over 19 years and a little over

19  20 years.  So, Your Honor, the guidelines are -- are

20  appropriate in this matter.  It was a serious offense.

21           He understands the danger that was created by his

22  actions.  He accepts responsibility for his actions.  This was

23  a fairly quick plea after reviewing the discovery.  Certainly

24  apologetic and remorseful for what he did.

25           So, Judge, I -- the only thing I'd ask you to
```

```
 1   consider as far as his prior record is he has no previous

 2   criminal convictions.  He -- this was part of a -- a pattern.

 3   It was a short-term pattern, but involved a serious mistake.

 4   And he's going to face some serious consequences today.  He's

 5   going to spend, you know, his twenties and thirties in prison.

 6   And he won't get out until he's 40.  So that's -- has a

 7   significant impact on him, Judge.

 8           But like I said, no prior convictions.  This will be

 9   his first time ever been convicted of anything, first time ever

10   going to prison.  So I'd ask the Court to take that into

11   consideration.  Thank you.

12           THE COURT:  Mr. Razor?

13           THE DEFENDANT:  Yes, Your Honor.

14           THE COURT:  At this time, if there's anything you

15   care to say to the Court, I will hear from you at this time.

16           THE DEFENDANT:  I just want to apologize for my

17   actions.  I admit I was wrong for what I done.  And I'm

18   prepared to face the consequences for the things that I've

19   done.  I just ask for forgiveness for what I've done.  I look

20   to move forward after this is all over with.

21           THE COURT:  How old are you?

22           THE DEFENDANT:  21.

23           THE COURT:  What's the longest job you ever held?

24           THE DEFENDANT:  The time I was out on bond.

25           THE COURT:  The longest job that you ever held.
```

```
1            THE DEFENDANT:  Three months.  You said the job?
2            THE COURT:  What is the longest employment, if any,
3    that you've had in your life?
4            THE DEFENDANT:  I worked at Lineage Frozen Food.
5            THE COURT:  How long?
6            THE DEFENDANT:  Two months.
7            THE COURT:  And you're how old?
8            THE DEFENDANT:  21.
9            THE COURT:  So other than a couple of months of
10   employment, you were just a gangster?
11           THE DEFENDANT:  No, Your Honor.
12           THE COURT:  Pardon?
13           THE DEFENDANT:  No, Your Honor.
14           THE COURT:  What were you?
15           THE DEFENDANT:  I don't know.
16           THE COURT:  What'd you live on?
17           THE DEFENDANT:  Day to day.
18           THE COURT:  Can't say?  You were a drug dealer,
19   right?
20           THE DEFENDANT:  No, Your Honor.
21           THE COURT:  Well, the record speaks for itself.
22           As far as the counts composing the guideline range
23   51 to 63 months, he -- he was in a public -- during the
24   daytime, public parking garage.  Shot an individual.  Could
25   have hit an -- innocent persons there.  Unfortunate that he
```

1    didn't.  So a high end of the guideline range in that respect

2    is appropriate.  And otherwise these consecutive sentences come

3    in for consideration.

4              It is, therefore, the sentence of the Court --

5    sentence of the Court -- the Court has considered the statutory

6    sentencing factors in 18 U.S.C. Section 3553(a).  And it is the

7    judgment of the Court that the defendant is hereby committed to

8    the custody of the Bureau of Prisons to be imprisoned for a

9    term of 240 months.  This term consists of 60 months as to

10   Counts 4, 8, and 9; 120 months as to Count 5 to run consecutive

11   to all other counts; and 60 months as to Count 7 to run

12   consecutive to all other counts; and pay a 100-dollar special

13   assessment fee for each count, for a total $500, which is due

14   immediately.

15             He's then placed on supervised release for a term of

16   five years.  This term consists of two years as to Count 4,

17   five years as to Counts 5 and 7, and three years as to Counts 8

18   and 9; all such term -- terms to run concurrently.

19             While on supervised release, he shall comply with the

20   mandatory conditions of supervision outlined in 3583(d) and

21   5D1.3(a) and the standard conditions outlined in 5D1.3(c) as

22   noted -- noted in paragraphs 110 and 113 of the presentence

23   report.  One through nine serve the statutory sentencing

24   purposes of public protection and rehabilitation.  Standard

25   Conditions 10 and 12 serve the statutory sentencing for purpose

1  of public protection.  Standard Conditions of Supervision 11

2  ensures that the defendant does not engage in activities that

3  may -- that may potentially conflict with the other conditions

4  and that may pose risk to the defendant's probation officer.

5          The defendant shall also comply with the following

6  special conditions for the reasons set forth in the presentence

7  report, which has previously been adopted by the Court as the

8  findings of fact for the purposes of sentencing with a special

9  condition that he must submit to substance abuse testing to

10  determine if he has ever -- if he has used a prohibited

11  substance.  He must contribute to the cost of the program, not

12  to exceed the amount determined reasonable by the

13  court-approved probation office's "Sliding Scale for Services."

14          I do believe I've calculated the advisory guideline

15  range properly and correctly addressed the points raised by the

16  parties.  If ever it is determined that I've not, I will state

17  for the record:  I would have imposed the same sentence as an

18  alternate variant sentence in light of all the 3553(a) factors

19  and in light of the totality of the circumstances.

20          Mr. Razor, you have the right to appeal this

21  sentence; however, you have an appellate waiver in your plea

22  agreement, which may limit the grounds on which you may appeal.

23  That's all.  Thank you.

24          **MR. STALVEY:**  Thank you, Your Honor.

25          **MR. SCHOEN:**  Your Honor, there is a preliminary order

```
 1   of forfeiture that we filed.  We'd ask that be incorporated

 2   into the judgment.

 3            THE COURT:  It is so ordered.

 4            MR. SCHOEN:  Thank you.

 5       (Proceedings end at 10:52 a.m.)

 6                        *********

 7                   C E R T I F I C A T E

 8       I certify that the foregoing is a correct transcript from

 9   the record of proceedings in the above-entitled matter.

10

11    /s/Teresa B. Johnson                    07/23/2024

12   Teresa B. Johnson, CVR-M-CM, RVR, RVR-M         Date

13

14

15

16

17

18

19

20

21

22

23

24

25
```